UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:15-cr-0083-SEB-DKL |
| | ) | |
| AARON GRANT, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On April 21, 2016 and September 7, 2016, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on April 11, 2016. Defendant Grant appeared in person with his appointed counsel William Dazey.  The government appeared by Brad Blackington, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officers Shelly McKee and Jason Phillips.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.The Court advised Defendant Grant of his rights and ensured he had a copy of the petition.  Defendant Grant waived his right to a preliminary hearing.

2.After being placed under oath, Defendant Grant admitted violations 1, 2, 3, and 4 as set forth in the Petition.  [Docket No. 7.]

3.The allegations to which Defendant admitted, as fully set forth in the Petition, are as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |

According to a Probable Cause Affidavit filed on March 22, 2016, on March 19, 2016, Mr. Grant was observed by a Hendricks County Sheriff's Deputy driving a blue Cadillac bearing Indiana license plate WYS203. A traffic stop was initiated due to the vehicle traveling 60 miles per hour in a 45 mile an hour zone. The offender admitted to the law enforcement officer he did not have a valid driver's license. Mr. Grant was issued a summons to appear in court. An initial hearing is set for May 13, 2016. The case was filed under Cause Number 32D05-1603-CM-000381 in Hendricks County Superior Court 5.

2   **"The defendant shall not commit another federal, state, or local crime."**

According to a Probable Cause Affidavit filed on January 15, 2016, on September 7, 2015, the offender was observed driving a blue Cadillac bearing Indiana license plate WYS203. After a traffic stop was initiated, a license check revealed his driver's license was suspended. Mr. Grant was issued a summons to appear in court for an initial hearing on March 7, 2016. The case was filed under Cause Number 49G13-1511-CM-040583 in Marion County Superior Court 13. On March 7, 2016, the offender failed to appear and a warrant was issued.

3   **"The defendant shall not commit another federal, state, or local crime."**

As previously reported to the Court, on February 13, 2016, the offender was arrested by the Clermont, Indiana Police Department for the offense of count one, driving while suspended, and count two, operating a motor vehicle without ever receiving a license. According to the police report, a traffic stop was initiated after the offender was observed swerving and crossing the center line. The case was filed under Cause Number 49G13-1602-CM-005948 in Marion County Superior Court 13. On April 6, 2016, the offender failed to appear for a pretrial conference and a warrant was issued.

    4      **"The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer."**

        The offender failed to notify the probation officer within 72 hours of law enforcement contact which occurred on September 7, 2015, February 13, 2016, and March 19, 2016.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade C violation.

    (b) Defendant's criminal history category is III.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 5 to 11 months' imprisonment.

5. The parties jointly recommended a modification of the conditions of Defendant's supervised release to include an additional 20 hours of community service.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, recommends that the District Judge find that the Defendant violated the conditions in the petition. Accordingly, the Magistrate Judge recommends that the conditions of Defendant's supervised release be **MODIFIED** as follows and that, in addition to the mandatory conditions of supervision, the following conditions of supervised release be imposed:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. (Supervised Release cases only)

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

    **Justification: These conditions are recommended to assist the probation officer in supervising the offender and ensure the safety of the community. Due to the nature of the instant offense the aforementioned conditions are prudent.**

14. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: Substance Abuse. The probation officer shall determine your ability to pay and any schedule of payment.

15. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

16. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

17. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

18. You shall not use or possess alcohol.

19. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

20. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

    **Justification:  The offender has a history of substance abuse and due to the nature of the instant offense the aforementioned conditions are prudent.**

21. You shall complete an additional 20 hours for a total of 60 hours of community service by October 27, 2016.  The probation officer shall supervise the participation in the program (agency, location, frequency of participation, etc.).  You shall provide written verification of completed hours to the probation officer.  This condition is in addition to the 40 hours of community service Defendant was ordered to perform pursuant to the Court's order dated March 21, 2016 [Dkt. 6].

Defendant reviewed the foregoing conditions and they were reviewed by Defendant with his attorney.  Defendant, on the record, waived reading of the above-noted conditions of supervised release.

The Defendant is released pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: 09 SEP 2016

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal